**E-Filed 9/21/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FAIZA PAULY, on behalf of her minor daughter, M.P., <br><br>  Plaintiff. <br><br> v. <br><br> STANFORD HOSPITAL AND CLINICS, <br><br>  Defendants. | Case Number 5:10-cv-05582-JF (PSG) <br><br> ORDER[1] RE MOTIONS HEARD AUGUST 5, 2011 |

On August 5, 2011, the Court heard oral argument on several motions in the above-entitled case. The motions are addressed as follows:

## I. BACKGROUND

On December 8, 2010, Plaintiff Faiza Marie Pauly ("Pauly"), proceeding *pro se*, filed this action against Defendant Stanford Hospital & Clinics ("Stanford"), asserting claims under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Pauly claimed that in December 2008 she took her ten-year old daughter, M.P., to Stanford's emergency room for treatment of severe and acute abdominal pain, and that Stanford refused to treat M.P.

---

[1] This disposition is not designated for publication in the official reports.

The Court dismissed the complaint, with leave to amend, on the basis that Pauly lacks standing to bring suit on her own behalf under EMTALA. After noting that "[t]he issue of whether third parties have standing to bring claims under EMTALA appears to be one of first impression in the Ninth Circuit," Order of May 11, 2011 at 4, this Court concluded that "[e]xtending a private right of action to a third party when the individual patient is still living would result in a significant expansion of liability for hospitals subject to EMTALA's provisions," *Id*. at 8.

Pauly filed a first amended complaint ("FAC"), omitting the prior claims asserted on her own behalf and instead asserting EMTALA claims only on behalf of her minor daughter. Stanford moved to dismiss the FAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Pauly initially filed opposition to that motion but subsequently filed a second amended complaint ("SAC"), again asserting EMTALA claims on behalf of her daughter. She also filed a motion for reconsideration of the Court's earlier order, a motion to vacate that order, and a motion for summary judgment.

## II. MOTION FOR RECONSIDERATION

Pauly asks that the Court reconsider its determination that third-party relatives of living patients lack standing under EMTALA. A party may seek reconsideration based upon the following grounds:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9(b).

Pauly cites numerous cases that were decided prior to the Court's order but that she failed to discover previously. Citation of case law that was available prior to a challenged order does not constitute a "material difference in . . . law." However, even if the Court were to consider the

2

cases, they are not particularly helpful to Pauly's position.

The newly-cited cases include the following: *Eberhardt v. City of Los Angeles*, 62 F.3d 1253 (9th Cir. 1995) (patient's father sued under EMTALA after recently discharged patient ran at police officers with machete and was fatally shot); *Arrington v. Wong*, 237 F.3d 1066 (9th Cir. 2001) (estate and family of patient sued under EMTALA after defendant hospital instructed ambulance to transport patient to more distant hospital, where he died upon arrival); *Morales v. Sociedad Espanola De Auxilio Mutuo Y Beneficencia*, 524 F.3d 54 (1st Cir. 2008) (patient and her husband sued doctor who hung up on paramedics calling from ambulance); *Root v. New Liberty Hosp. Dist.*, 209 F.3d 1068 (8th Cir. 2000) (patient and her family brought EMTALA suit following patient's discharge); *Lima-Rivera v. UHS of Puerto Rico, Inc.*, 476 F. Supp. 2d 92 (D. Puerto Rico 2007); *Fisher v. New York Health and Hospitals*, 989 F. Supp. 444 (E.D.N.Y. 1998) (patient and his mother brought suit under EMTALA) ; *Jackson v. East Bay Hosp.*, 980 F. Supp. 1341 (N.D. Cal. 1997) (patient's widow sued under EMTALA following patient's death after involuntary psychiatric commitment); *Barris v. County of Los Angeles*, 20 Cal. 4th 101 (1999) (mother of infant sued under EMTALA following infant's death). In each of these cases, the court apparently presumed that the patient's family members had standing to bring EMTALA suits. However, the issue of standing does not appear to have been litigated in any of the cases, and none of them addresses standing explicitly. Accordingly, the cases provide little, if any, support for Pauly's argument.

Pauly also relies upon *Roberts v. Galen of Va., Inc.*, 525 U.S. 249 (1999), in which a patient's guardian brought an action against the defendant hospital alleging that the patient's transfer to a nursing care facility in unstable condition violated EMTALA. However, *Roberts* does not address the question of standing, either; instead, it holds that a showing of improper motive on part of a defendant hospital is not required to establish a claim under EMTALA. *Id.* at 253. In the course of reaching this conclusion, the court rejected a narrower construction that arguably was supported by the legislative history and relied upon the broader plain language of the statute. Pauly argues that this Court likewise should disregard any apparent limitations to standing suggested by the statute's legislative history and conclude that under the plain language

3

of the statue anyone if injured by the defendant's conduct in refusing to treat may sue under EMTALA .  Absent either controlling or persuasive case law that supports such a result, the Court declines to reconsider its earlier disposition.

### III. MOTION TO VACATE

Pauly also asks that the Court vacate its dismissal order pursuant to Federal Rule of Civil Procedure 60(b), asserting that Stanford "misrepresented" her lack of standing to the Court.  She points to California Administrative Code Title 22, Section 70707(b)(16), which provides in relevant part that a patient has the right to: "Have all patients' rights apply to the person who may have legal responsibility to make decisions regarding medical care on behalf of the patient." 22 Cal. Code Regs. § 70707(b)(16).  Pauly also submits Stanford's Patient Rights Policy, which tracks this language.  Based upon the language of the statute and the corresponding language of Stanford's policy, Pauly asserts that she was a "co-patient" along with her daughter, and thus that she has standing to sue under EMTALA.

Pauly does not cite any case authority to support this argument.  While the argument has some facial appeal, particularly in light of Pauly's factual allegations regarding her daughter's treatment, the Court declines to extend the statute in the manner Pauly suggests absent any support in the legislative history or relevant case law.

### IV. MOTION TO DISMISS

As noted previously, Pauly filed the SAC while Stanford's motion to dismiss the FAC was pending,.  She did not seek leave of court as required by Fed. R. Civ. P. 15(a)(1). Accordingly, the SAC is not properly before the Court and is not addressed in this order.  In its motion to dismiss the FAC, Stanford asserts that M.P.'s claims are time-barred because the alleged refusal to treat occurred in December 2008, and M.P. was not added as a party plaintiff until May 2011.  *See* 42 U.S.C. § 1395dd(d)(2)(C) (providing that "[n]o action may be brought under this paragraph more than two years after the date of the violation with respect to which the action is brought").  Pauly argues that M.P.'s claims relate back to the original complaint, and the Court agrees.  M.P.'s claims arise out of the facts alleged in the original complaint.  *See* Fed. R. Civ. P. 15(c)(1)(B) (providing for relation back when "the amendment asserts a claim or defense

4

that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading").

Stanford also argues that M.P. had a *chronic* medical condition rather than an "emergency medical condition," which is defined in the statute as follows:

> (1) The term "emergency medical condition" means--
>
> (A) a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in--
>
> (I) placing the health of the individual (or, with respect to a pregnant woman, the health of the woman or her unborn child) in serious jeopardy,
>
> (ii) serious impairment to bodily functions, or
>
> (iii) serious dysfunction of any bodily organ or part;

42 U.S.C. § 1395dd(e)(1). Although it appears on the face of the complaint that M.P.'s pain had come and gone over a period of days, Pauly alleges that at the time Stanford refused to treat M.P., M.P. was in excruciating pain that made her cry out and rendered her unable to walk. Given these allegations, the Court declines to conclude as a matter of law that M.P. did not present an "emergency" medical condition.

Stanford also bases its motion on *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997), which holds that a non-attorney parent cannot represent a minor in federal court. Pauly argues that in light of *Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007), she nonetheless may represent M.P. in this action. In *Winkelman,* the Supreme Court concluded that the particular statute under which the minor's claims were asserted–the IDEA–confers independent rights upon parents such that parents have standing to bring suit under the statute in their own right. The court stated expressly that, "In light of our holding we need not reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims *pro se.*" *Id*. at 535. This limited holding does not support the broad proposition that Pauly argues here, nor do the other statutes that Pauly cites. Because *Johns* is binding circuit

1  precedent, this Court must dismiss M.P.'s claims unless M.P. is represented by counsel.[2]

2  The FAC will be dismissed, with leave to amend.

### V. SUMMARY JUDGMENT

Pauly requests that Stanford's motion to dismiss be converted to a motion for summary judgment, and she also brings her own motion for summary judgment. In connection with her opposition to the motion to dismiss, she submits declarations from herself, M.P. and others. Stanford objects to the declarations both procedurally and substantively. Moreover, Stanford argues that any motion for summary judgment would be premature at this time given that the parties have not yet engaged in discovery.

The Court agrees that consideration of a summary judgment motion would be premature at this time. The Court declines to construe the motion to dismiss as a motion for summary judgment. The Court likewise declines to entertain Pauly's motion for summary judgment.

### VI. ORDER

(1)   The motion for reconsideration is DENIED;

(2)   The motion to vacate is DENIED;

(3)   The motion to dismiss is GRANTED, WITH LEAVE TO AMEND, solely on the basis that a non-attorney parent cannot represent a minor in federal court. Any amended pleading shall be filed and served on or before October 21, 2011; and

(4)   The Court declines to entertain motions for summary judgment at this time because the parties apparently have not conducted fact discovery, and any such motion thus would be premature.[3]

Dated: 9/21/2011

JEREMY FOGEL
United States District Judge

---

[2] Pauly requests that Stanford's motion be disregarded as untimely. However, even assuming that the motion was untimely, Pauly clearly had time to prepare extensive and articulate opposition. Indeed, other than with respect to the issue of whether M.P. is required to have counsel, Pauly has prevailed on the motion. Because any untimeliness thus was not prejudicial, the Court has exercised its discretion to consider the motion on its merits.

[3] As it observed at the close of oral argument, the Court believes strongly that this case would benefit far more from serious, good-faith settlement discussions than from protracted and expensive litigation.