IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FAIZA MARIE PAULY, on behalf of her minor daughter, M.P.,

    Plaintiff,

  v.

STANFORD HOSPITAL,

    Defendant.
                                    /

No. C 10-05582 SI

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Currently before the Court is defendant's motion for final dismissal of this case for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). On September 21, 2011, plaintiff's complaint was dismissed with leave to amend, and she was given until October 21, 2011 to find counsel to represent her minor daughter and file an amended pleading. Plaintiff failed to do so, and on October 24, 2011, defendant filed the instant motion. Plaintiff filed an opposition on November 7, 2011.

Defendant's motion is currently scheduled for a hearing on December 2, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for submission without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

This case arises out of defendant Stanford Hospital's alleged failure to screen and stabilize M.P., then aged 10, who suffered from severe pain after her exploratory laparoscopic surgery and appendectomy. First Amended Compl. ("FAC") at 3:1-7. On December 9, 2010, Faiza Pauly, M.P.'s mother, filed a complaint alleging defendant's treatment of M.P. violated the Emergency Medical

Treatment and Active Labor Act, 42 U.S.C. § 1395(dd)("EMTALA"), and thereby caused Faiza Pauly emotional distress. Compl. at ¶ 9. The case was then before Judge Fogel of this District. On May 11, 2011, Pauly's suit was dismissed on the grounds that she lacked standing to sue for her daughter's injuries under EMTLA. Doc. 33. On May 31, 2011, Pauly filed the First Amended Complaint ("FAC"), naming M.P. as the plaintiff and again alleging violation of the EMTALA. On September 21, 2011, M.P.'s action was dismissed, with leave to amend, because a non-attorney parent cannot represent a minor in federal court. Doc. 74. Pauly was given until October 21, 2011 to find counsel to represent her minor daughter and to file an amended pleading. On September 28, 2011, the case was reassigned to this Court.

On October 24, 2011, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b), contending that plaintiff failed to prosecute her claim by not filing an amended complaint by October 21, 2011. In her opposition to this motion, plaintiff requests that the Court assign her a Pro Bono attorney pursuant to General Order #25.

## LEGAL STANDARD

Dismissal for failure to prosecute is governed by Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. Proc. 41(b). The Ninth Circuit has held that district courts have both inherent and express authority to dismiss a case for failure to prosecute. *See Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir.1992); *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir.1990). A court considering whether to dismiss an action for failure to prosecute must weigh five factors, namely: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Yourish v. California Amplifier*,

2

191 F.3d 983, 990 (9th Cir.1999) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

## DISCUSSION

Pauly contends that dismissal of this case is unwarranted under the five factors in *Henderson.* She contends that her failure to file an amended complaint was due to her inability to locate an attorney to represent her minor daughter, in spite of due diligence, as well as the fact that the case was reassigned, confusing her as to the status of the October 21st deadline to file an amended complaint. Pl.'s Opp. at 2-3.  As the Ninth Circuit has stated, dismissal is "so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of City of Los Angeles,* 782 F.2d 829, 831 (9th Cir. 1986).  The Court finds that final dismissal of this case is unwarranted given Pauly's representations that she has "relentlessly pursued counsel" and the fact that the case has been reassigned to this Court. Pl.'s Opp. at 3.  Any prejudice to defendant is outweighed by the public policy favoring the disposition of cases on their merits.

Plaintiff is given until **January 13, 2012** to file an amended complaint in this matter.  While the Court declines to appoint plaintiff an attorney, plaintiff may contact the Federal Pro Bono Project at 415-782-9000 x 8657, or visit the Legal Help Center in the Federal Courthouse, 450 Golden Gate Ave, 15th Floor, Room 2796, San Francisco, CA 94102, for further assistance in pursuing her claims.

The Court is aware that on November 22, 2011, plaintiff filed a renewed motion to vacate Judge Fogel's May 11, 2011 Order, and a hearing is set for that motion on January 6, 2012. **Notwithstanding that motion, the merits of which will be decided at a later time, plaintiff MUST FILE an amended complaint with her daughter as plaintiff, represented by counsel, for any claims brought by her daughter in this action to continue.**

///

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) is DENIED. Plaintiff must file an amended complaint, through counsel, on or before January 13, 2012.

**IT IS SO ORDERED.**

Dated: November 30, 2011

SUSAN ILLSTON
United States District Judge