IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIZA MARIE PAULY, on behalf of her minor daughter, M.P., <br><br> Plaintiff, <br><br> v. <br><br> STANFORD HOSPITAL, <br><br> Defendant. | No. C 10-05582 SI <br><br> **ORDER DENYING PLAINTIFF'S RENEWED MOTION TO VACATE PRIOR ORDER** |

Currently before the Court is plaintiff's motion to vacate the May 11, 2011 Order granting defendant's motion to dismiss plaintiff's initial complaint, issued by Judge Fogel.[1] Defendant filed an opposition on December 5, 2011, and the motion is scheduled for hearing on January 13, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for submission without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiff's motion.

**BACKGROUND**

This case arises out of defendant Stanford Hospital's alleged failure to screen and stabilize M.P., then aged 10, who suffered from severe pain after her exploratory laparoscopic surgery and appendectomy. First Amended Compl. ("FAC") at 3:1-7. On December 9, 2010, Faiza Pauly, M.P.'s mother, filed a complaint alleging defendant's treatment of M.P. violated the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395(dd)("EMTALA"), and thereby caused Faiza Pauly emotional distress. Compl. at ¶ 9. At that time, the case was pending before Judge Fogel of this

---

[1] This case was reassigned to this Court on September 28, 2011.

District. On May 11, 2011, Pauly's suit was dismissed on the grounds that EMTALA does not provide a private right of action to a third party when the allegedly injured patient is still living. Doc. 33. On May 31, 2011, plaintiff filed a motion for leave to file a motion for reconsideration of that order; on June 14, 2011, plaintiff also filed a motion to vacate that order. On September 21, 2011, both were denied by Judge Fogel.[2]

On September 28, 2011, the case was reassigned to this Court. On November 22, 2011, plaintiff filed a renewed motion to vacate the May 11, 2011 Order, pursuant to Fed. R. Civ. P. 60(b)(6). Defendant filed an opposition on December 5, 2011. No reply has been filed.

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure states that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief."

Rule 60(b)(6)'s catch-all provision is "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.* at 1049.

---

[2]Meanwhile, on May 31, 2011, Pauly filed s First Amended Complaint ("FAC"), naming M.P. as the plaintiff and again alleging violation of the EMTALA. On September 21, 2011, M.P.'s action was dismissed, with leave to amend, because a non-attorney parent cannot represent a minor in federal court. Doc. 74. Pauly was given until October 21, 2011 to find counsel to represent her minor daughter and to file an amended pleading. On September 28, 2011, the case was reassigned to this Court.

On October 24, 2011, defendant filed a motion to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 41(b), contending that plaintiff failed to prosecute her claim by not filing an amended complaint by October 21, 2011. Plaintiff opposed the motion, arguing that she had not yet located an attorney. The Court denied defendant's motion to dismiss, and gave plaintiff until January 13, 2012, to file an amended complaint with her daughter as plaintiff, represented by an attorney. On January 10, 2012, plaintiff filed a "Response" with the Court, stating that she has failed to locate an attorney, but asking that Court to merely dismiss her claim without prejudice. That request is currently under consideration.

**DISCUSSION**

The Court finds that plaintiff presents no extraordinary circumstances requiring Rule 60(b) relief. *See Alpine Land*, 984 F.2d at 1049. Judge Fogel already considered plaintiff's "third party claim" arguments as presented in her opposition to defendant's motion to dismiss (Doc. 27), her motion for leave to file a motion for reconsideration (Doc. 36), and her motion to vacate (Doc. 38). In Judge Fogel's Order denying the latter two motions, he thoroughly addressed the additional arguments and case law presented by plaintiff. *See* Sept. 21, 2011 Order, Doc. 74. The reassignment of a case to a new judge does not provide an independent basis for a second Rule 60(b) review. Nor does plaintiff's citation to two additional opinions as support for her already rejected argument provide such a basis, especially considering that the opinions predated the first motion to vacate. *See Burrows v. Redbud*, 188 F.R.D. 356 (N.D. Cal. Oct. 22, 1997) (Illston, J.); *Abney v. University Medical Center of Southern Nevada*, 2:09-cv-02418-RLH-PAL, Doc. 30 (D. Nev. April 30, 2010), Doc. 77 (Feb. 4, 2011).

The Court therefore DENIES plaintiff's renewed motion to vacate the May 11, 2011 Order.

**IT IS SO ORDERED.**

Dated: January 11, 2012

SUSAN ILLSTON
United States District Judge