IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIZA MARIE PAULY, on behalf of her minor daughter, M.P., | No. C 10-05582 SI |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE** |
| v. | |
| STANFORD HOSPITAL, | |
| Defendant. | |

This case arises out of defendant Stanford Hospital's alleged failure to screen and stabilize M.P., then aged 10, who suffered from severe pain after her November 2008 exploratory laparoscopic surgery and appendectomy. First Amended Compl. ("FAC") at 3:1-7. On December 9, 2010, Faiza Pauly, M.P.'s mother, filed a complaint alleging defendant's treatment of M.P. violated the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395(dd)("EMTALA"), and thereby caused Faiza Pauly emotional distress. Compl. at ¶ 9. At that time, the case was pending before Judge Fogel of this District. On May 11, 2011, Pauly's suit was dismissed on the grounds that EMTALA does not provide a private right of action to a third party when the allegedly injured patient is still living. Doc. 33. On May 31, 2011, plaintiff filed a motion for leave to file a motion for reconsideration of that order; on June 14, 2011, plaintiff also filed a motion to vacate that order. On September 21, 2011, both motions were denied by Judge Fogel.

On September 28, 2011, the case was reassigned to this Court. On November 22, 2011, plaintiff filed a renewed motion to vacate Judge Fogel's May 11, 2011 Order, pursuant to Fed. R. Civ. P. 60(b)(6). This Court denied that motion on January 11, 2012.

Meanwhile, on May 31, 2011, Pauly also filed a First Amended Complaint ("FAC"), naming M.P. as the plaintiff and again alleging violation of the EMTALA. On September 21, 2011, M.P.'s action was dismissed, with leave to amend, because a non-attorney parent cannot represent a minor in federal court. Doc. 74. After the case was assigned to this Court, Pauly was given until October 21, 2011 to find counsel to represent her minor daughter and to file an amended pleading.

On October 24, 2011, defendant filed a motion to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 41(b), contending that plaintiff failed to prosecute her claim by not filing an amended complaint by October 21, 2011. Plaintiff opposed the motion, arguing that she had not yet located an attorney. The Court denied defendant's motion to dismiss, and gave plaintiff until January 13, 2012, to file an amended complaint with her daughter as plaintiff, represented by an attorney. On January 10, 2012, plaintiff filed a "Response" with the Court, stating that she has not been able to locate an attorney, but requesting that the Court dismiss the claim without prejudice, so that M.P. may pursue her claim when she reaches the age of majority.

The Court agrees, and hereby DISMISSES this action WITHOUT PREJUDICE for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). The claim is preserved as to M.P., who may pursue the claim when she reaches the age of majority. *See Johns v. County of San Diego*, 114 F.3d 874, 878 (9th Cir. 1997) (reversing dismissal with prejudice, after parent failed to retain counsel, so that infant could bring claim when he reached the age of majority). As M.P. will not reach majority for at least four years, the Court VACATES all remaining dates set for this case, including the Case Management Conference set for February 7, 2012.

**IT IS SO ORDERED.**

Dated: February 6, 2012

SUSAN ILLSTON
United States District Judge

2